# Restrictions on a Federal Appointee's Continued Employment by a Private Law Firm

Federal conflict of interest laws, 18 U.S.C. §§ 202–209, and Department of Justice Standards of Conduct, 28 C.F.R. pt. 45, restrict the private practice of law by an attorney while employed by the Department of Justice.

If the attorney is hired as a "regular government employee," *i.e.*, expected to serve more than 130 days in any 365–day period, he will be prohibited from acting as an agent or attorney for anyone other than the United States in any matter in which the United States is a party or has a direct and substantial interest, and from receiving compensation for services rendered by himself or another in such matters. In addition, Department regulations prohibit the outside practice of law by Department of Justice employees, in the absence of a waiver.

If the attorney is hired as a "special government employee," *i.e.*, expected to serve 130 days or less in any 365–day period, he will be subject to representation and compensation restrictions only with respect to matters in which he has participated personally and substantially while in government or which are pending in the Department of Justice. The Department's regulation prohibiting the outside practice of law does not apply to special government employees.

Under 18 U.S.C. § 208 all government employees must disqualify themselves from participating for the government in any matters in which they or their employers, among others, have a financial interest.

August 1, 1983

MEMORANDUM OPINION FOR THE ASSOCIATE ATTORNEY GENERAL

We have been asked to advise you whether, from the perspective of conflict of interest and professional ethics, Mr. A may continue as a member of his law firm once he has been employed by this Department as General Counsel to the President's Commission on Organized Crime. We understand that Mr. A is presently a senior partner at a law firm, and that he proposes to remain in the employ of that firm on a salaried basis through December 1983. We understand that Mr. A expects to be working on essentially three major matters for the firm during this period. Two of those matters do not involve the United States. The third involves his continued representation of domestic steel producers in steel dumping cases. At the same time that Mr. A is handling these private matters for the law firm, he proposes to serve in the Department without federal compensation. We understand that during this period the Department would

123

hire Mr. A as a consultant pursuant to 5 U.S.C. § 3109.[1] Mr. A's proposed employment status after December 31, 1983 has not been described to us, but we presume that he will continue to serve, in some capacity, in the Department. After December 31, 1983, Mr. A believes he will be in a position to adjust his relationship with the firm.

In general, we conclude that the ultimate decision in this matter involves findings of fact which this Office is not in a position to make. We will therefore describe to you the factual test that you should apply and the legal consequences of the two alternative factual outcomes. More specifically, our conclusions can be summarized as follows:

(1) If Mr. A will be a regular government employee (*i.e.*, expected to serve more than 130 days in any period of 365 days), his proposed dual employment will present significant and probably insurmountable problems under the conflict of interest statutes and the Department's Standards of Conduct.

(2) If Mr. A will be a "special government employee" (*i.e.*, expected to serve 130 days or less during any period of 365 days) his proposed dual employment can be accomplished without violating the statutes or regulations.

(3) In either event, the Department should consider as a policy matter whether it wishes to permit an employee to serve simultaneously in a private law firm and in this Department and it should reach an understanding with Mr. A concerning various areas where issues of impropriety (actual or apparent) may arise.

## I. Rules Applicable To Regular Government Employees

If Mr. A is deemed to be a regular government employee, he will be subject to the full restrictions of the Federal conflict of interest statutes, 18 U.S.C. §§ 202–209, and this Department's Standards of Conduct, 28 C.F.R. Part 45. Among other things, this will mean that Mr. A will be prohibited from acting as agent or attorney for anyone other than the United States in any particular matter in which the United States is a party or has a direct and substantial

---

[1] We have left it to the Justice Management Division to determine whether it is appropriate to hire Mr. A as a consultant in this context, and we will likewise leave the administrative aspects of his appointment to their charge. *See generally* Decisions of the Comptroller General, B-192406 (Oct. 12, 1978) (dealing with the hiring of lawyers under 5 U.S.C. § 3109); B-114868-18 (Feb. 10, 1978) (same).

We also have considered the legality of this Department's acceptance of Mr. A's voluntary services in light of 31 U.S.C. § 1342. In our view, it is appropriate for this Department to accept the voluntary services of Mr. A in this context because 1) he will be serving as a consultant under 5 U.S.C. § 3109, a position for which there is no minimum salary set by law and 2) he will execute a document clearly indicating that he waives any right to compensation from the United States for his services through December 1983. *See generally* "Employment Status of 'Volunteers' Connected With Federal Advisory Committees," 6 Op. O.L.C. 160 (1982). If Mr. A is unwilling to execute such a document, the Department may not accept his voluntary services.

124

interest. *See* 18 U.S.C. § 205. In addition, he would be prohibited from receiving compensation for services rendered by himself or another in such matters. *See* 18 U.S.C. § 203. As we see it, these provisions will effectively bar Mr. A from his proposed participation in the steel dumping cases on behalf of the private clients. *See also* 28 C.F.R. § 45.735–9 (prohibiting the outside practice of law by Department of Justice employees, absent a waiver by the Deputy Attorney General or the presence of other factors not relevant here).[2]

Although there are, of course, other conflict of interest and ethical restrictions that would apply to Mr. A as a regular government employee, we have not undertaken a full description of them in this memorandum. If you find that Mr. A will in fact be a regular government employee, and you are inclined to pursue his dual employment proposal despite the restrictions described above, we will provide you with materials that describe more fully the ethics requirements for regular Department of Justice employees.

## II. Rules Applicable to Special Government Employees

The conflict of interest statutes impose fewer and less rigorous restrictions on certain short-term or intermittent employees called "special government employees." If Mr. A meets the test for special government employment described below, he would be subject only to these less rigorous restrictions and he would not be faced with statutory requirements that are necessarily and substantially inconsistent with his dual employment proposal.

As a special government employee, Mr. A would be subject to the representation and compensation restrictions of 18 U.S.C. §§ 203 and 205 only with respect to matters (1) in which he has participated personally and substantially while in government; or (2) which are pending in the Department of Justice.[3] *See* 18 U.S.C. §§ 203, 205. See also 18 U.S.C. § 209 (exempting special government employees from its restriction on private sources of compensation for services rendered to the government). Similarly, the Department's regulation restricting outside professional practice does not apply to special government employees. *See* 28 C.F.R. § 45.7359(b).

In addition to the limited application of §§ 203 and 205, as a special government employee Mr. A would also be subject to the full disqualification rule of

---

[2] It is not necessary at this point, regardless of the findings of fact made, for us to reach the question of whether Mr. A would qualify for a waiver of the Department's regulation. If you decide Mr. A will be a regular government employee and that the obstacles of 18 U.S.C. §§ 203 and 205 can be overcome, we would be happy to provide the Deputy Attorney General with whatever assistance he requires in considering a possible waiver.

[3] This latter restriction would not apply until Mr. A had actually served in the Department for sixty-one days. *See* 18 U.S.C. §§ 203(c) and 205. The Department has not generally viewed matters in litigation before federal courts to be pending in this Department, but we do consider investigative matters and other pre-litigation matters (such as administrative tort claim determinations) to be pending in the Department for purposes of these statutes. In light of these precedents, we would be reluctant to assert that contact by Mr. A with this Department relating to the steel cases would violate §§ 203 or 205. Nonetheless, we would encourage you as a matter of discretion to limit the extent of Mr. A's direct contact with Department officials on these cases during the tenure of his government employment.

18 U.S.C. § 208.[4] Section 208 requires employees (including special government employees) to disqualify themselves from participating for the government in any matters in which they or, among others, their employers have a financial interest. So long as Mr. A maintains an employment relationship with his law firm, he would have to disqualify himself from any government matters in which the firm has a client or other financial interest.[5] Given the limited subject matter of his proposed duties, we would not anticipate that this restriction will present any significant obstacle to Mr. A's dual employment proposal.[6]

### III. Test for Special Government Employment

The term "special Government employee" is defined to include "an officer or employee of the executive or legislative branch of the United States Government . . . who is retained, designated, appointed, or employed to perform, with or without compensation, for not to exceed one hundred and thirty days in any period of three hundred and sixty-five days, temporary duties either on a full time or intermittent basis." 18 U.S.C. § 202. To be so appointed, the Department must in good faith estimate in advance of appointment that the individual will serve for no more than 130 days in the succeeding 365–day period, beginning on the day of appointment. In estimating the number of days to be served, the Department must count as a full day any day (including Saturday, Sunday or holiday) during which any time is expected to be devoted to performing government duties. *See* Federal Personnel Manual, Ch. 735, Appendix C.

The test for special government employment, of course, must be applied without regard to any preferred result. In this case, you must consider Mr. A's anticipated employment *through August of 1984*. Although we understand that Mr. A's plans beyond December 1983 may be somewhat vague, this fact does not relieve you of responsibility for making a good faith estimate of his employment for the entire 365–day period.

As a general matter, employees are presumed to be regular government employees unless their appointing Department is comfortable with making an estimate that the employee will be needed to serve 130 days or less. The 130–day standard can be met because (1) the length of employee's entire tenure with the government will be less than 130 days; (2) the employee is expected to

---

[4] Mr. A will also be subject to the post-employment restrictions of 18 U.S.C § 207(a) and (b). These post-employment restrictions will be specific to Mr. A's work and responsibilities. In addition, he will be subject to the Department's Standards of Conduct, 28 C.F.R. Part 45 and the Code of Professional Responsibility of the American Bar Association. We will be available to provide specific ethics and post-employment advice to Mr. A upon request.

[5] This Department ordinarily requires disqualification from any matter in which the law firm represents a client having such a financial interest, even though the financial interest in the matter may actually belong to the client rather than the firm.

[6] Our anticipation in this regard must be evaluated in the context of our limited knowledge and understanding of the subject matter of Mr. A's proposed duties. Mr. A's firm is a well-known firm that represents essentially Fortune 500 companies. Your office should consider, based upon your expertise in these matters, to what extent Mr. A's clients would potentially be involved. In order to accomplish this consideration, Mr. A should probably be required to provide whatever listing of clients would be helpful.

126

serve only intermittently over a period of more than 130 days; or (3) some combination of the above. Although it is possible that the proposed duties will not continue for the full three years presently anticipated, we think that you must presume that they will. Accordingly, you must presume that Mr. A will be needed to serve for the full 365–day period relevant for purposes of the special government employee test. This means that Mr. A would only qualify as a special government employee, if you can estimate, in good faith, that the Department's need for his services will be so intermittent that they will not involve more than 130 days, in whole or in part, during any 365–day period. In making this factual determination you should rely on your own view of the needs of the Department, rather than on the employee's views of the time he will devote to the job. You should bring to the decision your own knowledge of the nature of the work, and the Department's expectations. You should also consult with the relevant Department officials about their expectations for the work to be preferred.

## IV. Other Considerations

Assuming that you are satisfied that Mr. A's dual employment proposal can be compatible with the statutes described above, you should also consider the proposal from a policy perspective. As you know, the Department normally requires its lawyers to sever all connections with law firms. *See* 28 C.F.R. § 45.735–9. We assume that this policy represents an attempt to avoid actual and apparent conflicts of interest, and a desire to demand the undivided professional attention of the Department's lawyers. Although the latter policy may be less compelling in a case like this where the employee's services may indeed be needed only in a part-time capacity, the concern about actual or apparent impropriety persists. For this reason, we would recommend, if you go forward with the dual employment proposal, that you reach an understanding with Mr. A concerning limiting his contacts with this Department on behalf of private clients — for example, that he would not participate in settlement discussions in the steel cases nor attempt to garner the Department's support of legislation that would benefit domestic steel producers.

Although no such problems may in fact arise, it would be prudent to anticipate and avoid them to the extent feasible.[7]

RALPH W. TARR
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[7] Along the same lines, you should reach some understanding with Mr. A concerning the problem of using support services and legal research assistance from his law firm. As you know, this Department does not have statutory authority to accept gifts, and any donation of such services by the law firm would constitute an unauthorized augmentation of this Department's appropriations. *See generally* General Accounting Office, *Principles of Federal Appropriations Law* 5–62, 5–94 (1982). Moreover, use of the firm's associates and support staff would constitute a greater commingling of the firm and the Department than we have contemplated in this opinion, and may well extend the potential for conflicts of interest beyond simply those cases handled by Mr. A himself.